**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4096**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAMARCUS DIXON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00110-RJC-DSC-2)

_____

Submitted:  August 23, 2022               Decided:  August 25, 2022

_____

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damarcus Dixon pled guilty, pursuant to a written plea agreement, to carjacking, in violation of 18 U.S.C. § 2119(1) (Count 1); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). The district court imposed a sentence within the advisory Sentencing Guidelines range of 124 months on Count 1 and a mandatory minimum consecutive term of 84 months on Count 2, totaling 208 months' imprisonment and 3 years of supervised release. Dixon's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether trial counsel was ineffective at sentencing for conceding that Dixon should be sentenced at the high end of the Guidelines range and failing to argue for a downward variance. Although informed of his right to file a pro se supplemental brief, Dixon has not done so. The Government declined to file a brief and has not moved to enforce the appellate waiver in Dixon's plea agreement.* We affirm.

We do not consider ineffective assistance claims on direct appeal "unless the record conclusively shows ineffective assistance." *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020) (internal quotation marks omitted). Contrary to *Anders* counsel's contention, trial counsel requested a sentence at the bottom of the Guidelines range and provided multiple supporting arguments to the district court based on Dixon's youth, his

---

* Because the Government has not moved to enforce the appellate waiver, we conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

lack of support and education while growing up, his substance abuse issues, the fact that he had not physically harmed the victims, his clear acceptance of responsibility, and counsel's belief that a longer term of imprisonment would likely discourage Dixon and detract from his rehabilitation. Moreover, the terms of the plea agreement specifically prevented trial counsel from seeking a variance from the Guidelines range if, as here, the district court did not find Dixon to be a career offender. "Because there is no conclusive evidence of ineffective assistance on the face of this record, [Dixon's] claim should be raised, if at all, in a [28 U.S.C.] § 2255 motion." *Id*.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dixon, in writing, of the right to petition the Supreme Court of the United States for further review. If Dixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dixon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3